IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JANE HOLLIER,<br>*PLaintiff*<br><br>v.<br><br>JEFFERSON COUNTY,<br>G."MITCH" WOODS,<br>ZENA STEPHENS,<br>Defendants, | §<br>§<br>§<br>§  CA _____<br>§<br>§<br>§<br>§  TRIAL BY JURY DEMANDED<br>§<br>§<br>§ |

PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable Judge of Said Court:

COMES NOW Jane Hollier, Plaintiff complaining of Jefferson County (under Title 42 USCA, §§ 1983, and 2000(e)), G. Mitch Woods (under Title 42 USCA, § 1983), and Zena Stephens (under Title 42 USCA, § 1983)

Parties

1.  Plaintiff, Jane Hollier ("Hollier"), an individual, is a resident of Jefferson County, Texas.  Plaintiff was a public employee of a local government entity as defined by Tex. Gov't. Code § 554.001.

2.  Defendant, Jefferson County, Texas, is a local governmental entity as defined by Tex. Gov't. Code § 554.001 and may be served with citation by serving the County Judge of Jefferson County located at the Jefferson County Courthouse,

1001 Pearl Street, Beaumont, Texas 77701.

3.    Defendant George "Mitch" Woods("Woods"), an individual sued in his official and individual capacity as Sheriff of Jefferson County is a resident of the State of Texas.  Service of citation upon Defendant Woods of Jefferson County may be had by serving him at the Jefferson County Sheriff's Department, 1001 Pearl St., Beaumont, Texas 77701.

4.    Defendant Zena Stephens ("Stephens"), an individual sued in her official capacity as Deputy Chief of Jefferson County, is a resident of the State of Texas.  Service of citation upon Defendant Stephens of Jefferson County may be had by serving her at the Jefferson County Sheriff's Department, 1001 Pearl St., Beaumont, Texas 77701.

## Venue

5.    Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district.

## Jurisdiction

6.    This case involves federal questions, therefore this Court has jurisdiction per Title 28 USCA § 1343.

## Facts

7.    Jane Hollier, was hired by Jefferson County Sheriff's Department in Criminal Records/Identification Division as a clerk in November 1989.

8. In June 1990, upon recommendation of her supervisor, Capt. Ricardo Ramirez, Jane Hollier attended the Jefferson County Corrections/Jailer's Academy with the representation that she was to become trained to fill a position in the Department as an Identification Officer.

9. Jane Hollier completed the academy and became certified as a Corrections Officer in 1990.

10. For approximately two years, Jane Hollier worked as a Corrections Officer , and in 1992, she enrolled in the Peace Officer's Academy.

11. She completed the Reserve and Basic courses, and then , during the final phase of training, she became engaged to Beaumont Police Officer, Roger Ross.

12. In her relationship, and since she was happy in her job duties and did not want to pursue Patrol, she decided to discontinue Peace Officer Certification.

13. At that time, it was not necessary or required for Identification Officers to be Certified Peace Officers.

14. Jane Hollier was a member of the union which represented the Sheriff's deputies.

15. While the union contract is not a part of or involved in this action, certain portions and effects of that union's activities and its labor contract with the department should be referenced herein.

16. The 1994 contract provided that all then employed Certification Officers

were "grandfathered" and not required to be certified; however, new hires were required to be certified.

17. It was open knowledge amongst Jane Hollier's supervisors that she was not certified as a Peace Officer.

18. In October 2007, a new union/County contract regarding the HSeriff's deputies was negotiated and implaced.

19. The 2007 contract stated that Peace Officers and Correction Officers could receive money for certification, based on their employment time and not on earned Certificates, and Hollier was entitled to be paid per that contract's terms at "LE8", "Law Enforcement 8".

20. At the time, Hollier's county pay had been frozen for several years without increase at "LE6" .

21. Hollier and her concerned male co-worker, James LeBlanc asked their supervisor, Sgt. Juan Segura why Hollier was not receiving the appropriate pay at LE8, and Sgt. Segura said he would make an inquiry.

22. Two days later, Sgt. Segura told Hollier and LeBlanc that he had looked into the matter, and it was his understanding that Hollier should be paid at the LE8 level, and he would request Capt. Shauberger to write to payroll requesting the correction and pay upgrade.

23. Approximately one week later, Capt. Shauberger summoned Hollier intop

his office and told her, "I'm sorry, but I have bad news for you. Instead of a pay raise, your pay is being cut to 'CO8' ('Correction Officer 8')....", a pay downgrade of more than $4.00 per hour.

24. Hollier filed an internal grievance according to the contract, exercising a protected right of expression and or speech.

25. Inresponse to the grievance, Chief Deputy and Sheriff "heir-apparent", Zena Stephens, called Hollier into the former's office and told Hollierthat she was "very upset" that Hollier had filed the grievance. Stephens told Hollier that she had "drawn a line in the sand" and that she, Stephens was considering reassigning Hollier to undesired jail duty (as punishment). Stephens ranted and falsely stated that none of Hollier's supervisors knew that Hollier was no longer a Certified Peace Officer.

26. Several days later, union president Deputy Eichelberger called Hollier and told her that he "did not believe she had a grievance", and "was she sure that she really wanted to go through with it?" Hollier replied that she wanted the grievance to be processed and thast she intended to go through with it. Apparently union president Deputy Eichelberger thought Hollier had disconnected and was no longer on the line, for Hollier heard the man say, "All right Chief, I told her what you wqanted me to tell her."

27. Shortly afterwards, Jane Hollier was notified that the union "had decided

that her grievance was without merit".

28.     Hollier continued to be employed and was denied her pay.

29.     In September 2008, Hollier was assigned to work in Jefferson County's Emergency Management Office during Hurricane Ike. For several days, Hollier worked 24 hour shifts, sleeping at teh courthouse or the Sheriff's department.

30.     After the storm, Hollier was involved in unloading bags of ice and aggravated an existing injury to her back.

31.     Hollier was born with mild Spinal Bifida, suffers from Stenosis and other related problems, for which she was treated medically and received occasional medication.

32.     On September 19, 2008, when the pain was extreme as she worked, she was offerred some "Ibuprofen"from her co-worker Ruth Bole. Suddenly, Hollier became dizzy, and disoriented, and was taken to the nurse's office where she slept for approximately two hours.

33.     When she awakened, she reported to her supervisor, Capt. Kirkpatrick and returned to her shift duties. Several weeks later, on October 6, 2008, Hollier was notified by the Sheriff's Internal Affairs Division ("IAD") that she was under investigation for a complaint filed by Stephens, which was changed to Chief Billingsley, and then reported as guilty of conduct unbecoming an officer, when it was learned that Boles had given her SOMA instead of Ibuprofen.

34. Hollier was required to give a statement to IAD on October 7, 2008. Some of her co-workers gave false testimony, apparently under pressure by or fear of Stephens.

35. The matter was reviewed by the Department's Disciplinary Review Board which recommended that Hollier be suspended 10 days and undergo a physical and psychological evaluation by a doctor before returning to work. Wood, after conferring with Stephens rejected the recommendation and decided to terminate Hollier's employment.

36. The decision was remained and became final.

37. While Hollier was terminated for mistakenly taking Males in the County's employ as Peace officers have been treated disparately and favored not being disciplined or terminated for graver misconduct, ranging from intoxication, to public nudity, filing false reports, public lewdness.

38. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.

39. At all times material hereto, Hollier was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely a female, above the age of 40.

40. The County is an employer within the meaning of Title VII.

41. The County intentionally discriminated against Hollier because of her sex and age and disability in violation of Title VII by termination of employment.

42. The County used the following discriminatory employment practices in violation of Title VII: use of false evidence to file charges, disparate rejection of a lesser recommended discipline and termination of employment. the reason given for the discipline and termination was pretextual.

43. In the alternative and additionally, Wood and Stephens civilly conspired to violate Hollier's rights secured to her by the First and Fourteenth Amendment to the United States Constitution, in retaliation for Hollier's exercise of protected activities in filing a grievance and complaining about illegal activity, pay discrimination and retaliatory pay cuts.

<u>Prayer</u>

For these reasons, Hollier asks that the court issue citations for defendants to appear and answer and that she be awarded a judgment against defendants, jointly and severally for economic and non-economic damages and attorney's fees and costs, and all other relief to which she may show herself entitled.

        Respectfully submitted,
        WATTS & ASSOCIATES


        <u>/S/     LW   </u>
        Larry Watts, SBN 20981000
        P.O. Box 2214
        Missouri City, TX 77459
        (281) 431-1500   Phone
        (281) 431 1298   Fax
        <u>WattsTrial@GMail.com      </u>